## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.:  CIV-21-661-F |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS, | )   **Jury Trial Demanded** |
| | )   **Attorney's Lien Claimed** |
| Defendant. | ) |

## COMPLAINT

Plaintiff Brandon Comer, ("Comer") for his cause of action against Defendant Oklahoma Department of Corrections ("DOC"), alleges and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

2. Venue is proper in this Court because Comer's cause of action arose within this judicial district.

## THE PARTIES

3. At all relevant times, Comer was and now is a resident of the City of Purcell, McClain County, State of Oklahoma.

4. At all relevant times, DOC was and now is an agency of the State of Oklahoma with its principal place of doing business in the City of Norman, Cleveland County, State of Oklahoma.

1

## FACT ALLEGATIONS

5. Comer was employed by DOC on June 25, 2018, in a secretarial position.

6. Subsequently Comer was promoted to Case Manager I, and during his employment by DOC, he performed his job duties and responsibilities in a more than satisfactory manner while assigned to the Clara Waters Community Correction Center.

7. Comer is a gay male, and this was well known in DOC's workplace and by co-workers and management.

8. The warden at the Clara Waters Community Correction Center Randy Matthews ("Matthews"), has a demonstrated sexual-orientation and gender bias in the Department of Corrections workplace, and as a result of this bias, on or about April 16, 2020, Comer sent a formal letter to James Rudek, the Director of Community Corrections, and Justin Farris, the Chief of Operations. Comer followed this letter with an April 22, 2020 email with a complaint to Scott Crow, Director of the DOC.  A copy of the letter is attached as **Exhibit "1"** and the email complaint is attached as **Exhibit "2**." The intent behind these communications was to oppose what Comer reasonably believed to be unlawful behavior that was motivated by sex/sexual orientation bias.

9. Matthews had accused a female employee and co-worker of acting stupid and belittled her, causing the female employee to become upset, cry, and suffer distress.

10. After Comer filed a complaint against Matthews with DOC Director Crow, he was retaliated against in the workplace by the assignment of extra work with unrealistic due dates, continued workplace write-ups of his job performance, and the false accusation that Comer sent nude photographs of himself to a male co-worker.

11. Mathews created an extremely hostile work environment for Comer that was designed and intended to cause Comer to resign from DOC when Comer's request to transfer to another DOC penal facility was denied.

12. Comer was constructively discharged by DOC on or about June 2, 2020, when the constant retaliation and hostility of the workplace were causing Comer to experience extreme anguish, distress, sleeplessness, anxiety, and lost enjoyment of life; a workplace condition that no reasonable person would endure.

13. Comer exhausted his administrative remedies under Title VII, in that Comer timely filed his charge of discrimination with the EEOC on September 23, 2020, and the notice of suit rights was issued by the EEOC on April 14, 2021. And Comer has timely commenced this lawsuit within 90 days of the EEOC's Notice of Suit Rights.

**FIRST CAUSE OF ACTION—DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

14. Comer incorporates the above paragraphs by reference.

15. Comer is in the protected classification of Title VII of the Civil Rights Act of 1964, as amended, as a gay male.

16. DOC intentionally discriminated against Comer because of his protected classification as a gay male. DOC took the adverse actions described herein up to and including his constructive termination and treated him differently than those similarly situated employees performing equal work.

17. As a direct result of DOC's employment decisions and actions, Comer has suffered and continues to suffer emotional and mental distress, harm to his professional

reputation, humiliation, economic loss and an over-all loss of enjoyment of life all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Comer prays for judgment against DOC as follows:

(1)   That DOC be ordered to make Comer whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2)   That DOC be ordered to pay Comer compensatory damages pursuant to 42 U.S.C. §1981(a) in an amount to be determined by the jury at the time of trial;

(3)   That DOC be ordered to reinstate Comer to his prior position at the same rate of pay and benefits under another supervisor or, in lieu of reinstatement, that DOC be ordered to award Comer front pay for a period of years as determined by the Court to be just and equitable under the circumstances;

(4)   That DOC be ordered to off-set Comer's tax liability increase as a result of obtaining back-pay in a large lump sum;

(5)   That DOC be ordered to pay Comer costs, including expert witness fees and a reasonable attorney fee pursuant to 42 U.S.C. §2000e(5)(k); and

(6)   For such other and further make-whole relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION – RETALIATION IN VIOLATION OF TITLE VII

18.   Comer incorporates the above paragraphs by reference.

19.   Comer is a person protected by Title VII of the 1964 Civil Rights Act, as amended, in that he reported discriminatory treatment in the workplace both related to

himself on the basis of his sexual orientation and against women based on their gender in an effort to cause it to stop.

20.     Comer engaged in the protected activity of reporting workplace discrimination by, *inter alia*, his formal letter and email complaint, as described above.

21.     In his email complaint and formal letter, Comer opposed Matthew's actions which demonstrated bias on the basis of sexual orientation and gender, conduct that Comer reasonably believed to be made unlawful under Title VII.

22.     Thereafter Matthews increased the workplace hostility by the acts set forth above that continued until Comer's constructive termination on or about June 2, 2020.

23.     As a direct and proximate result of DOC's retaliation against Comer, he has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to his professional reputation, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Comer prays for judgment against DOC as follows:

(1)     That DOC be ordered to make Comer whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2)     That DOC be ordered to pay Comer compensatory damages pursuant to 42 U.S.C. §1981(a) in an amount to be determined by the jury at the time of trial;

(3)     The DOC be ordered to reinstate Comer to his prior position at the same rate of pay and benefits under another supervisor or, in lieu of reinstatement, that DOC be

ordered to award Comer front pay for a period of years as determined by the Court to be just and equitable under the circumstances;

(4) That DOC be ordered to off-set Comer's tax liability increase as a result of obtaining back-pay in a large lump sum;

(5) That DOC be ordered to pay Comer costs, including expert witness fees and a reasonable attorney fee pursuant to 42 U.S.C. §2000e(5)(k); and

(6) For such other and further make-whole relief as the Court deems just and proper.

Respectfully submitted,

WARD & GLASS, LLP

s/Jonathan M. Irwin
Jonathan Irwin, OBA #32636
1601 36th Avenue, N.W.
Norman, Oklahoma 73072
(405) 360-9700 / (405) 360-7902 fax
ATTORNEYS FOR PLAINTIFF